FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

**DarrasLaw**

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone: (909) 390-3770
Facsimile: (909) 974-2121

Attorneys for Plaintiff
JORGE VARELA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE VARELA,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Capstone Turbine Corporation Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Capstone Turbine Corporation to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, JORGE VARELA ("Plaintiff" and/or "MR. VARELA"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that Defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the State of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of California, an employee of Capstone Turbine Corporation, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number SGD-602721 that had been issued by Defendant LINA to Capstone Turbine Corporation to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff. A copy of the subject policy is attached hereto as Exhibit "A".

8. The Plan provides a monthly benefit equivalent to sixty percent (60%) of MR. VARELA's Covered Earnings less Other Income Benefits following a 90 day Elimination Period.

9. The Plan defines "Disability" as: "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

- Unable to perform the material duties of his or her Regular Occupation; and
- Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

- Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
- Unable to earn 80% of more of your Indexed Earnings."

10. The Plan provides monthly benefits until Plaintiff's Social Security Normal Retirement Age.

11. Prior to his disability, Plaintiff was a Lead, Balance/EDM (Senior Balance Technician) for Capstone Turbine Corporation.

12. On or about January 11, 2014, Plaintiff became disabled as defined by the Plan.

13. On or about July 31, 2014, Dr. Rad Payman completed an Attending Physician Statement confirming Plaintiff's primary diagnosis of "Lumbar HNP." Dr. Payman indicated Plaintiff was temporarily totally disabled.

14. On or about August 22, 2014, Defendant approved Plaintiff's claim.

15. On or about December 9, 2014 Plaintiff was examined by Dr. Robert Schorr. Dr. Schorr confirmed Plaintiff had not improved post his back surgery. Dr. Schorr documented the following objective factors of permanent impairment:

- There are disc herniations at L4-5 and L5-S1 on MRI scan.
- He has had an L4-5 lumbar laminectomy and discectomy.
- There is muscle guarding and an asymmetrical loss of range of

motion of the lumbar spine with non-verifiable radicular complaints.

16. On or about May 21, 2015, orthopedist, Dr. Kevin Pelton completed a Primary Treating Physician's Initial Report. Dr. Pelton noted Plaintiff's current complaints as follows:

- Bilateral wrists/hands: The patient is experiencing constant pain in both wrists/hands. The pain is associated with numbness and tingling, as well as swelling of the hands and fingers. He has cramping in his hands. The pain increases with repetitive flexion, grasping, gripping, pushing, pulling and when opening jars and bottles. The patient complains of loss of grip strength and loss of sensation. The pain and symptoms awaken him at night. Rates pain 6-7/10.
- Mid and low back: The patient is experiencing frequent pain in his mid and low back. The pain radiates into the legs and feet. He has numbness and tingling in his feet. The pain increases with sitting, walking, standing, forward bending, squatting, stooping, ascending or descending stairs, twisting, turning, forceful pushing and pulling. Rates pain at 7/10.
- Bilateral ankles/feet: The patient is experiencing occasional pain in both ankles and feet. Additionally, there is report of swelling and discoloration of the ankles and feet. Pain increases with standing or walking. Rates pain 5-6/10.
- Internal: Patient is complaining of frequent shortness of breath and breathing difficulties. He has frequent abdominal pain… he is suffering acid reflux.

17. On or about June 25, 2015, Dr. Pelton completed an updated Primary Treating Physician's Progress Report. Plaintiff reported persistent lower back pain which was constant and worsening. He reported the pain radiated down both legs with weakness and numbness.

18. On or about July 2, 2015, Plaintiff underwent a Sudoscan. The abnormal

COMPLAINT

findings noted abnormal hands symmetry.

19. On or about July 9, 2015, Plaintiff underwent an MRI of his lumbar spine. The Impression included:

- At L3-4 there is a 2mm annular bulging with a posterior central annular fissure with mild central canal narrowing.
- At L4-5, there has been interval right laminotomy with suspected partial discectomy. There is mild bilateral narrowing.
- At L5-S1, mild annular bulging persists with mild narrowing of the central canal and lateral recesses. There has been interval increase in right foraminal narrowing, now moderate in severity bilaterally secondary to facet hypertrophic change and broad-based annular bulging. Type II degenerative endplate change at L5 has increased compared to the previous exam.

20. On or about July 14, 2015, Plaintiff underwent an EMG/NCS. The abnormal findings were consistent with right chronic L5 denervation.

21. On or about September 22, 2015, Plaintiff followed up with Dr. Kevin Pelton. Plaintiff reported persistent lumbar spine pain with a reported pain scale of 7/10 and continued radiation into his bilateral lower extremities.

22. On or about October 23, 2015, Plaintiff consulted with Dr. Yuri Falkinstein. Dr. Falkinstein recommended further surgical intervention for his continuing lower back pain with radiation into his lower extremities.

23. On or about December 10, 2015, Plaintiff followed up with Dr. Kevin Pelton. Plaintiff reported persistent pain in his lumbar spine with radiation to his bilateral legs.

24. On or about January 5, 2016, Plaintiff was examined by Dr. H. Harlan Bleecker at the request of the Social Security Administration. Dr. Bleecker noted diagnoses of degenerative disc disease, degenerative arthritis lumbar spine status post L4-5 right laminotomy and discectomy and failed spine surgery syndrome. Dr. Bleecker noted on examination positive straight leg raising and Plaintiff's antalgic gait and use of

a cane.

25. On or about January 8, 2016, Dr. Pelton, at the request of Defendant, completed a Physical Ability Assessment claim form. Dr. Pelton noted the following restrictions and limitations:

- Sitting: Occasionally for 20-25 minutes
- Standing: Frequently for 40-45 minutes
- Walking: Frequently for 40-45 minutes
- Lifting/carrying: 11-20 lbs. occasionally
- Pushing/Pulling: 25 lbs. occasionally
- Climbing Stairs: less than occasionally
- Negligible use of force using lower extremities

26. On or about February 16, 2016, Plaintiff followed up with Dr. Kevin Pelton. As part of his examination, Plaintiff reported a number of areas of concern to Dr. Pelton as documented in the office chart note:

- General: Positive for weight loss or gain, trouble sleeping, fatigue and weakness
- Skin: Positive for itching
- Head: Positive for headache
- Ears: Positive for tinnitus
- Eyes: Positive for vision loss or changes, blurry vision, or double vision, and redness
- Nose: Positive for stuffiness and itching
- Throat: Positive for hoarseness and dry mouth
- Neck: Positive for swollen glands
- Respiratory: Positive for shortness of breath
- Cardiovascular: Positive for difficulty breathing and palpitations
- Gastrointestinal: Positive for heartburn, change in appetite, nausea and constipation

1      • Vascular: Positive for calf pain
2      • Musculoskeletal: Positive for back pain
3      • Neurological: Positive for weakness, numbness and tremor
4      • Endocrine: Positive for heat intolerance and change in appetite

5      27. On or about March 25, 2016, the Social Security Administration issued a Fully Favorable Decision approving Plaintiff's claim for Social Security Disability benefits.

8      28. On or about April 7, 2016, Dr. Pelton completed an updated Physical Ability Assessment form for Defendant. Dr. Pelton noted the following restrictions and limitations:

11      • Sitting: Occasionally for 20-25 minutes
12      • Firm Grasp: Bilateral non forceful
13      • Lifting/Carrying: Occasionally up to 20 lbs.
14      • Pushing/Pulling: 25 lbs.
15      • Occasional use of lower extremities - Negligible use of force

16      29. On or about July 13, 2016, Defendant abruptly denied Plaintiff's claim.

17      30. On or about November 29, 2016, Defendant granted Plaintiff an extension to submit his appeal. The extension allowed Plaintiff until April 9, 2017 to submit his appeal request.

20      31. On or about April 6, 2017, Plaintiff, through counsel, appealed the denial of his claim.

22      32. On or about July 6, 2017, Plaintiff's counsel sent Defendant a letter via facsimile and U.S. mail to follow up on the appeal decision and confirmed the decision was due and requested the decision be provided via facsimile no later than July 11, 2017.

26      33. To date, no response was received to the July 6, 2017 letter.

34. On or about July 12, 2017, Plaintiff's counsel sent Defendant a letter via facsimile and U.S. mail inquiring about the overdue appeal decision. A response was requested by July 14, 2017 via facsimile.

35. To date, no response has been received to the July 12, 2017 letter.

36. As of the date of the filing of this Complaint, Plaintiff has still not received a decision from LINA regarding his April 6, 2017 appeal for benefits.

37. By failing to timely process Plaintiff's appeal, LINA has failed to follow reasonable claim procedures consistent with the requirements of 29 C.F.R. § 2560/503-1, and is in violation of 29 C.F.R. § 2560.503-1(l).

38. As a result of LINA's failure to follow reasonable claim procedures, Plaintiff has exhausted his administrative remedies or such remedies are deemed exhausted pursuant to 29 C.F.R. § 2560.503-1(l).

39. Based upon the substantial medical evidence in the possession of LINA at the time of the denial, the decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan.

40. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about July 14, 2016, to the present date.

41. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

42. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.



WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about July 14, 2016, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: August 9, 2017





FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
JORGE VARELA